**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Stephen CINO, Defendant–Appellant.**

**No. 02–10265.**
**D.C. No. CR–97–00082–PMP.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

See also 241 F.3d 1104.

R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

UNITED STATES of America, Plaintiff–Appellee,

v.

David CURIEL, Defendant–Appellant.

No. 02–10604.
D.C. No. CR–01–00191–HG.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

MEMORANDUM**

Stephen Cino appeals the 13–year sentence imposed on remand following his jury conviction for interference with commerce by threat or violence, conspiracy, money laundering, possession of counterfeit and wire fraud, in violation of 18 U.S.C. §§ 1951, 1956(a)(3), 513(a), 371, and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo the district court's interpretation of the Sentencing Guidelines, and for clear error its factual findings at sentencing. *United States v. Seesing*, 234 F.3d 456, 459 (9th Cir.2000). We affirm.

Cino contends that the district court erred by failing to grant a three-level reduction in his base offense level pursuant to U.S.S.G. § 2X1.1(b)(2) because the conspiracy to interfere with commerce through extortion was not completed because the person being extorted was murdered. This contention lacks merit because 18 U.S.C. § 1951 specifically criminalizes attempt or conspiracy as a substantive crime, and therefore, U.S.S.G. § 2X1.1(b)(2) does not apply. *See* U.S.S.G. § 2X1.1(c)(1); *United States v. Hernandez–Franco*, 189 F.3d 1151, 1158 (9th Cir.1999).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).