**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert PANARO, Defendant–Appellant.**

**No. 02–15842.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2003.

Decided Sept. 2, 2003.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Eric Johnson, AUSA, USLV—Office of the U.S. Attorney, Justin J. Roberts, Las Vegas, NV, for Plaintiff–Appellee.

Chris T. Rasmussen, Esq., Chris Rasmussen, Chtd., Las Vegas, NV, for Defendant–Appellant.

Before: REINHARDT and GRABER, Circuit Judges, and SHADUR,* Senior District Judge.

### MEMORANDUM **

Federal prisoner Robert Panaro ("Panaro") filed a petition under 28 U.S.C. § 2255 ("Section 2255") to vacate his conviction and sentence for conspiracy to interfere with commerce by extortion in violation of the Hobbs Act, 18 U.S.C. §§ 1951–1952. We affirm the district court's denial of the petition.

■ Panaro argues for the first time that his trial counsel was constitutionally ineffective in having failed to argue for the application of United States Sentencing Guideline § 2X1.1 ("Guideline § 2X1.1") to reduce Panaro's base offense by three levels because the underlying substantive offense had not been completed. Although such a failure would have resulted in a forfeiture of the issue before the district court and hence on direct appeal (*United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir.1994)), an ineffective-assistance-of-counsel claim is a constitutional violation,

---

* The Honorable Milton I. Shadur, Senior United States District Judge, Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

so that no forfeiture of that claim results from the failure to raise it at trial or on appeal (see, e.g., *United States v. McMullen*, 98 F.3d 1155, 1157–58 (9th Cir.1996)).

But although that brings the matter before us for decision, Panaro cannot succeed on the merits. That is so because he cannot meet either of the two requirements for ineffective assistance claims as articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, Panaro cannot show that trial counsel's failure to invoke Guideline § 2X1.1 "fell below an objective standard of reasonableness" (*id.* at 688), because reasonable thinkers could believe that the section did not apply (see, e.g., *United States v. Cino*, 73 Fed.Appx. 210, 211 (9th Cir.2003), an appeal by Panaro's codefendant in which a different panel of this circuit held that Guideline § 2X1.1 did not apply).

As for *Strickland*'s second prong, Panaro must establish prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" (466 U.S. at 694). Here Panaro cannot show such prejudice because even if trial counsel had raised the issue and the district court had considered Guideline § 2X1.1, that would not have resulted in a sentence reduction. That is so because of the "unless" clause in Guideline § 2X1.1(b)(2):

> If a conspiracy, decrease by 3 levels, unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

In this case Panaro had met at Denny's with his co-conspirators and devised an explicit plan to go to Any Auto and throw Herbie Blitzstein ("Blitzstein") out of his business there (the substantive Hobbs Act offense). Although the implementation of that plan was delayed to allow time for co-conspirator Louis Caruso ("Caruso") to burglarize Blitzstein's home (something not at all essential to the underlying conspiracy), Panaro instructed Caruso to call once the burglary was completed—at which point everyone would proceed with the agreed-upon plan to oust Blitzstein from his business. But the carrying out of the agreement to confront Blitzstein at Any Auto was frustrated by Caruso's killing of Blitzstein during the course of the burglary.

If that murder had not occurred, nothing would have prevented Panaro and the others from completing the plan to throw Blitzstein out of his business, thus fulfilling the conspiracy's plan. *United States v. Martinez–Martinez*, 156 F.3d 936, 938–40 (9th Cir.1998) does not call for a different conclusion, because in that case the planned theft had not been authorized by the conspirators' boss—an agreed-upon precondition to their proceeding with the theft. Here, by contrast, no precondition existed—no further decisions were necessary before the extortion was to be carried out. That fits Guideline § 2X1.1(b)(2) precisely, and Panaro would therefore not be entitled to a three level reduction in his offense level under the Guideline.

■ Panaro's other argument—that he withdrew from the conspiracy before its completion—is equally without merit. No evidence shows that Panaro actually disavowed, acted to defeat, or even took a definitive step to disassociate himself from,

the conspiracy (*United States v. Fox*, 189 F.3d 1115, 1118 (9th Cir.1999)).

Accordingly the district court properly denied Panaro's Section 2255 petition.

AFFIRMED.

Judge Reinhardt concurs in the judgment.