**UNITED STATES of America,
Plaintiff,**

v.

**Stephen CINO, Defendants.**

**No. CR–S–97–082–PMP.**

United States District Court,
D. Nevada.

Sept. 15, 2004.

Eric Johnson, Assistant U.S. Attorney, Las Vegas.

David Z. Chesnoff, Esq., Richard A. Schonfeld, Esq., Goodman & Chesnoff, Las Vegas.

## ORDER

PRO, Chief Judge.

Before the Court for consideration is Defendant Stephen Cino's Emergency Motion to Set Aside Judgment Pursuant to 28 U.S.C. § 2255 (# 1398), filed July 9, 2004. Plaintiff United States filed an Opposition to Defendant Cino's Emergency Motion (# 1404) on August 5, 2004. On August 10, 2004, Defendant Cino filed a Reply Memorandum (# 1405). Additionally, on July 23, 2004, Defendant Cino filed an Emergency Motion for Bail Pending Motion Pursuant to 28 U.S.C. § 2255 (# 1400). On August 6, 2004, Plaintiff United States filed its Response in opposition to Defendant Cino's Motion for Bail (# 1403).

On September 9, 2004, the Court conducted a hearing regarding the above-referenced Motions. Based upon the foregoing, the Court finds that Defendant Cino's Motions (# 1398 and # 1400) must be denied.

Cino's Emergency Motion to Set Aside Judgment ("Petition") seeks relief from various sentencing enhancements applied to his sentence. Cino claims he is entitled to relief under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the Court, and not a jury, found the facts supporting the enhancements. Cino's Petition and the Government's response raise two basic issues. First, whether Cino procedurally defaulted his *Blakely* claim. Second, whether *Blakely* retroactively applies to cases on collateral review.

## A. Procedural Default

Cino originally was sentenced to fifteen years. He filed his first direct appeal with the Ninth Circuit in which he raised *Apprendi* issues regarding sentencing enhancements. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *U.S. v. Panaro,* 266 F.3d 939 (9th Cir.2001). The Ninth Circuit followed established precedent at the time and rejected those claims because Cino's overall sentence fell below the statutory maximum. *Id.* at 954. The Ninth Circuit affirmed Cino's conviction and sentencing on most issues, but remanded for re-sentencing. *Id.* at 950–51, 954–55. This re-sentencing was not based on an *Apprendi* error at sentencing, but upon insufficient evidence to support the conviction on one count. *Id.* at 950–51. This Court re-sentenced Cino to thirteen years. *U.S. v. Cino,* 73 Fed.Appx. 210, 2003 WL 21771642 *1 (9th Cir.2003) (unpublished). Cino again appealed and the Ninth Circuit affirmed. *Id.* Cino did not raise in his second appeal any *Apprendi* issues. *Id.*

The Government argues that because Cino did not re-assert his *Apprendi* claims in his second appeal, he procedurally defaulted those claims. Cino responds that he raised *Apprendi* issues in his first appeal, but the Ninth Circuit rejected the claims. Cino argues he did not have to raise the issue again following re-sentencing to preserve his claims where he previously raised the claims on appeal and the Ninth Circuit rejected them.

In the context of a § 2255 petition, the Ninth Circuit has held that "the cause and prejudice standard is limited to cases in which the petitioner has defaulted a claim by failing to comply with some procedural rule." *English v. U.S.,* 42 F.3d 473, 477–478 (9th Cir.1994). The rule must have been in existence at the time of the alleged default. *Id.*

The Government has not identified an existing procedural rule that required Cino to re-assert his *Apprendi* claims in these circumstances. Not only did no procedural rule require Cino to re-raise these claims, common sense and judicial efficiency would counsel against the Government's position. Cino raised his *Apprendi* claims in his first appeal and the Ninth Circuit denied those claims. The Ninth Circuit then remanded for re-sentencing based on the very limited issue of insufficient evidence on one count. Any attempt by Cino to re-assert his *Apprendi* claims on a second appeal from a re-sentencing that was based on a separate issue after the Circuit already had rejected his *Apprendi* claims would have been fruitless at that point. The Court finds no basis to support the Government's argument for procedural default.

## B. Retroactivity

Cino argues *Blakely* should apply retroactively to afford him re-sentencing. The Government responds that *Apprendi* has not been applied retroactively, so *Blakely,* which is an extension of *Apprendi,* likewise does not apply retroactively to cases pending on collateral review.

When a Supreme Court decision results in a "new rule," the new rule applies to all criminal cases still pending on direct review. *Schriro v. Summerlin,* —— U.S. ——, ——–——, 124 S.Ct. 2519, 2522–2523, 159 L.Ed.2d 442 (2004). Where a conviction is final, the new rule will apply on collateral review only in limited circumstances. *Id.* If the new rule is substantive, it generally will apply retroactively. *Id.* An example of a substantive new rule is a constitutional determination that particular conduct or persons are beyond the State's power to punish. *Id.*

In contrast, new procedural rules generally do not apply retroactively on

collateral review. *Id.* Only "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding" apply retroactively. *Id.* (quotations omitted). A new procedural rule applies retroactively if it is one "without which the likelihood of an accurate conviction is seriously diminished." *Id.* (quotations omitted). "This class of rules is extremely narrow, and it is unlikely that any . . . ha[s] yet to emerge." *Id.* (quotations omitted).

The Supreme Court has identified a three-step procedure to determine if a rule applies retroactively under *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See Beard v. Banks*, —— U.S. ——, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004). First, the court must determine if the defendant's conviction became final before the Supreme Court announced the new rule. *Beard*, —— U.S. at ——, 124 S.Ct. at 2510. Second, the court must determine, given the legal landscape as it then existed, whether the Constitution, as interpreted by the precedent then existing, compelled the rule, i.e., whether the new rule actually is new. Finally, if the rule is new, the court then must consider whether it falls within either of the two exceptions to non-retroactivity. *Id.*

Applying this analysis to this case, the parties agree Cino's conviction became final on direct review before the Supreme Court announced *Blakely.* Cino's conviction became final in August 2003. (Reply Mem. in Supp. of Cino's Mot. to Set Aside J. Pursuant to 28 U.S.C. § 2255 at 2.) The Supreme Court issued *Blakely* in June 2004. *Blakely*, —— U.S. at ——, 124 S.Ct. at 2531.

The parties dispute, however, whether the rule in *Blakely* is a "new" rule. The Government contends that to the extent *Blakely* undermines the U.S. Sentencing Guidelines, *Blakely* must be a new rule because prior to *Blakely*, no Court of Ap-

peals understood *Apprendi* to mean sentencing enhancements in the Guidelines were unconstitutional so long as the overall sentence fell below the statutory maximum. Cino argues *Apprendi* was issued before his appeal became final, and *Blakely* is just an application of *Apprendi.* Thus, Cino argues a retroactivity analysis is not necessary because *Blakely* is not a "new" rule.

■ A rule is a "new" rule "when it breaks new ground or imposes a new obligation on the States or the Federal Government [or] if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Jones v. Smith*, 231 F.3d 1227, 1236 (9th Cir. 2000) (citing *Teague*, 489 U.S. at 301, 109 S.Ct. 1060). A rule is dictated by then-existing precedent if the rule "was apparent to all reasonable jurists." *Beard*, —— U.S. at ——, 124 S.Ct. at 2511.

To the extent *Blakely* compels Cino's re-sentencing, *Blakely* would be a new rule. Prior to *Blakely*, every Court of Appeals to consider the matter, including the Ninth Circuit in Cino's own appeal, had concluded *Apprendi* did not invalidate the U.S. Sentencing Guidelines or sentencing enhancements within the Guidelines so long as those enhancements did not exceed the overall statutory maximum. *See, e.g., U.S. v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *U.S. v. Francis*, 367 F.3d 805, 820–21 (8th Cir.2004); *U.S. v. Jardine*, 364 F.3d 1200, 1209 (10th Cir.2004); *U.S. v. Alvarez*, 358 F.3d 1194, 1211–12 (9th Cir. 2004); *U.S. v. Williams*, 235 F.3d 858, 863–64 (3d Cir.2000); *U.S. v. Patterson*, 348 F.3d 218, 228–29 (7th Cir.2003); *U.S. v. Randle*, 304 F.3d 373, 378 (5th Cir.2002); *U.S. v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir.2001); *U.S. v. Webb*, 255 F.3d 890, 897–98 (D.C.Cir.2001); *U.S. v. Angle*, 254 F.3d 514, 518 (4th Cir.2001); *U.S. v. Caba*, 241 F.3d 98, 100–01 (1st Cir.2001); *U.S. v.*

*Garcia,* 240 F.3d 180, 183–84 (2d Cir.2001). *Apprendi* thus did not dictate to reasonable jurists the result Cino now argues *Blakely* commands. Even now, reasonable jurists dispute *Blakely 's* meaning, with most circuits concluding *Blakely* does not invalidate any part of the U.S. Sentencing Guidelines. *Hammoud,* 381 F.3d 316, 344–45; *Pineiro,* 377 F.3d at 466; *Koch,* 383 F.3d 436, 438; *Reese,* 382 F.3d 1308, 1310; *Mincey,* 380 F.3d 102, 105–06. These courts therefore would find neither *Apprendi* nor *Blakely* compel the result Cino seeks. Accordingly, reasonable jurists dispute whether *Apprendi* compelled *Blakely 's* application to the U.S. Sentencing Guidelines.

Cino argues that some courts, including the Eighth and Fourth Circuits, have concluded *Blakely* does not state a new rule but is merely an application of *Apprendi. See Hammoud,* 381 F.3d 316, 344–45 ("On close examination of *Blakely,* we conclude that the Supreme Court simply applied— and did not modify—the rule articulated in *Apprendi.*"); *U.S. v. Pirani,* 2004 WL 1748930 (8th Cir.2004) (vacated on grant of reh'g en banc). The *Pirani* decision since has been vacated pending rehearing en banc, however. And in *Hammoud,* the Court concluded *Blakely* does not affect the U.S. Sentencing Guidelines. *Hammoud,* 381 F.3d 316, 344–45. Accordingly, the Fourth Circuit found *Blakely* worked no change to their prior case law upholding the Guidelines under *Apprendi.* Additionally, even though the Ninth Circuit agrees to some extent with Cino's reading of *Blakely,* the Ninth Circuit indicated *Blakely* "worked a sea change in the body of sentencing law." *Ameline,* 376 F.3d at 973; *see also Simpson v. U.S.,* 376 F.3d 679, 681 (7th Cir.2004) (finding *Blakely* "was not dictated or compelled by *Apprendi* ").

Thus, under either line of cases interpreting *Blakely,* Cino is on questionable ground. Those courts that have held *Blakely* invalidates the U.S. Sentencing Guidelines such that Cino may be entitled to relief have indicated *Blakely* worked a sea change in courts' understanding of the Guidelines' constitutionality under *Apprendi.* Those courts that have indicated *Blakely* did not announce a new rule have held *Blakely* does not implicate the Guidelines and does not overrule those courts' prior holdings that *Apprendi* did not invalidate sentence enhancements under the Guidelines so long as those enhancements remained within the statutory maximum.

■ Because every court prior to *Blakely* unanimously agreed the Guidelines and enhancements thereunder were not invalidated under *Apprendi,* to the extent *Blakely* says otherwise, it is a "new" rule. The question thus becomes whether *Blakely* falls within an exception to *Teague 's* non-retroactivity bar.

■ *Blakely* is a new procedural rules that is not a "watershed" rule "implicating the fundamental fairness and accuracy of the criminal proceeding." *Blakely* is an extension of *Apprendi.* The Ninth Circuit has ruled *Apprendi* itself is not retroactive. *See U.S. v. Sanchez–Cervantes,* 282 F.3d 664, 668 (9th Cir.2002); *Jones v. Smith,* 231 F.3d 1227 (9th Cir.2000). Consequently, an extension of *Apprendi* likewise would not be a watershed rule subject to retroactive application.

Furthermore, the Supreme Court has held that another extension of *Apprendi* does not apply retroactively on collateral review. In *Schriro,* the Supreme Court reviewed whether *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) applied retroactively to cases already final on direct review. In *Ring,* the Supreme Court applied the *Apprendi* principle to a death sentence imposed under an Arizona sentencing scheme. *Ring,* 536 U.S. at 603–09, 122 S.Ct. 2428. The Su-

preme Court concluded that because Arizona law authorized the death penalty only if an aggravating factor was present, *Apprendi* required the jury rather than a judge to find the existence of such a factor. *Id.*

In *Schriro,* the Court held *Ring* did not apply retroactively to cases on collateral review. First, the Court found *Ring* was a "prototypical" procedural rule because it "allocate[d] decisionmaking authority" in a particular fashion. *Schriro,* —— U.S. at ——, 124 S.Ct. at 2523. Second, the Court concluded *Ring 's* new procedural rule was not a watershed rule implicating the fundamental fairness and accuracy of criminal proceedings. *Id.* at 2525–26. The Court found judicial fact finding at sentencing was not unfair and did not seriously diminish accuracy in criminal proceedings. *Id.*

Like *Ring, Blakely* is a prototypical procedural rule because it allocates decision making authority between the judge and juries. Additionally, it is not a watershed rule implicating fairness or accuracy because judicial fact finding is not fundamentally unfair nor does it seriously diminish accuracy. Accordingly, *Blakely* is not a new watershed rule of criminal procedure subject to retroactive application on collateral review.

IT IS THEREFORE ORDERED that Defendant Stephen Cino's Emergency Motion to Set Aside Judgment Pursuant to 28 U.S.C. § 2255 (# 1398) is denied.

IT IS FURTHER ORDERED that Defendant Cino's Emergency Motion for Bail Pending Motion Pursuant to 28 U.S.C. § 2255 (# 1400) is denied as moot.