**Lawrence L. SHULTS, Petitioner–Appellant,**

v.

**Harol L. WHITLEY, et al., Respondents–Appellees.**

No. 91–16900.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 1992.*

Decided Dec. 23, 1992.

Lawrence L. Shults, pro se.

Robert E. Wieland, Deputy Atty. Gen., Carson City, NV, for respondents-appellees.

Before: GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

PER CURIAM:

Lawrence L. Shults appeals the district court's denial of his petition for a writ of habeas corpus. Shults was convicted in Nevada state court of first degree murder and sentenced to life imprisonment without possibility of parole. Shults argues that his habeas petition should be granted because the district court refused to give his requested instruction that no inference be drawn from his failure to testify.[1]

■ A district court's decision whether to grant a writ of habeas corpus is reviewed de novo. *Thomas v. Brewer,* 923 F.2d 1361, 1364 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. § 2253 and 28 U.S.C. § 1291, and we affirm.

Shults did not testify at trial. He proposed the following jury instruction:

The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of a defendant to testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The trial court refused this instruction.

■ Shults argues that the Supreme Court's decision in *Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), controls this case. In *Carter,* the Court held that a "no inference" instruction, when requested by a defendant, is required by the Fifth and Fourteenth Amendment right against self-incrimination. *Id.* at 305, 101 S.Ct. at 1121. However, the rule of *Carter* does not apply retroactively on collateral review under the Supreme Court's decision in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

In *Teague,* the Supreme Court held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new

rules are announced." *Id.* at 310, 109 S.Ct. at 1075. In *Butler v. McKellar,* 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990), the Court reiterated that "a decision announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Butler,* 494 U.S. at 412, 110 S.Ct. at 1216 (internal quotation marks omitted). A rule is not "dictated by precedent" if "reasonable jurists [might have] disagree[d]" that such a rule followed necessarily from prior decisions. *Sawyer v. Smith,* 497 U.S. 227, 234, 110 S.Ct. 2822, 2827, 111 L.Ed.2d 193 (1990).

In *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Supreme Court held that the Constitution "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Id.* at 615, 85 S.Ct. at 1233. The rationale for this holding was that "comment on the refusal to testify ... cuts down on the privilege [against self-incrimination] by making its assertion costly." *Id.* at 614, 85 S.Ct. at 1232–33. Shults argues that the holding in *Griffin* dictated the rule announced in *Carter.*

We believe, however, that "reasonable jurists" could well have concluded that adverse comment by the prosecutor or judge regarding a defendant's failure to testify makes the assertion of the Fifth Amendment privilege "costly" to a defendant in a manner and to a degree that refusal to give a requested instruction forbidding adverse inference by the *jury* from an accused's silence does not. Thus we do not think the Court's decision in *Griffin* "dictated" the result in *Carter.* The Court might without self-contradiction have held that, although the Constitution requires that judge and prosecutor alike refrain from affirmative comment on a defendant's silence, a jury may properly be left free to draw whatever inferences it wishes from that silence.

Our conclusion is bolstered by the fact that the Court expressly reserved judg-

---

1. Shults's remaining claims are addressed in an unpublished memorandum disposition filed concurrently with this opinion.

ment in *Griffin* on the question it finally answered in *Carter*, suggesting that the Court did not view its holding in the latter case as in any sense foreordained by its holding in the former. *See id.* at 615 n. 6, 85 S.Ct. at 1233 n. 6; *see also Lakeside v. Oregon*, 435 U.S. 333, 337, 98 S.Ct. 1091, 1093–94, 55 L.Ed.2d 319 (1978) (same). We therefore hold that *Carter* announced a new rule.

Nor does the rule of *Carter* fall within either of the two exceptions set out in *Teague*. *Carter* does not "place[ ] 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe,' " *Teague*, 489 U.S. at 311, 109 S.Ct. at 1075 (quoting *Mackey v. United States*, 401 U.S. 667, 692, 91 S.Ct. 1160, 1180, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring in part and dissenting in part)), and does not mandate a procedure which is " 'implicit in the concept of ordered liberty,' " *id.* (citing *Mackey*, 401 U.S. at 692, 91 S.Ct. at 1180, quoting *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937)).

■ The Nevada Supreme Court affirmed Shults's conviction on direct appeal on September 5, 1980, 96 Nev. 742, 616 P.2d 388. Because Shults's conviction was thus final before *Carter* was decided, *Carter* does not apply to his habeas petition. Furthermore, Shults does not show that failure to give the requested instruction otherwise violated due process. *See Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963) ("State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution.") Therefore, the failure to give the requested instruction does not warrant habeas relief.

AFFIRMED.