**UNITED STATES of America, Plaintiff,**

v.

**Joel Phillip ARGENTO, Defendant.**

**No. CR–94–0851–AK.**

United States District Court, C.D. California.

April 27, 2005.

Andrew Cowan, Assistant U.S. Attorney, Office of U.S. Attorney, Los Angeles, CA, for Plaintiff.

Karen L. Landau, Karen L. Landau Law Offices, Oakland, CA, for Defendant.

## ORDER

ALEX KOZINSKI, Circuit Judge.*

Defendant moves pursuant to 28 U.S.C. § 2255 that the court vacate his sentence. He argues that, under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "it is clear that [his] sentence was imposed in violation of the Fifth and Sixth Amendments, because his mandatory guideline sentence was increased based on judicially found facts neither inherent in the jury verdict nor admitted by him."

■ The parties agree that defendant's sentence became final on September 29, 2003. At that time, the Supreme Court had not yet decided *Booker.* The key issue is whether *Booker* applies retroactively to defendant's case. Under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion), "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id.* at 310, 109 S.Ct. 1060; *see also United States v. Sanchez–Cervantes,* 282 F.3d 664, 667–68 (9th Cir.2002) ("[T]he *Teague* retroactivity doctrine applies to ... § 2255 habeas petitions.").

* Sitting by designation pursuant to 28 U.S.C. § 291(b).

1. Initially, defendant argues that *Booker* did not announce a new rule. Rather, he contends, "*Booker* (like *Blakely* [v. *Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ] ) was but an application of the new rule announced in *Apprendi v. New Jersey,* [530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),] as explicated in *Ring* [v. *Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)]." Both *Apprendi* and *Ring* were decided before defendant's conviction became final. If *Booker* simply applied the rule announced in those cases, then it could be applied to defendant's sentence consistent with *Teague.*

■ A case sets forth a new rule if its "result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague,* 489 U.S. at 301, 109 S.Ct. 1060; *see also Butler v. McKellar,* 494 U.S. 407, 415, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990) (holding that a case announced a new rule because its outcome was "susceptible to debate among reasonable minds"). The court concludes that *Booker* was not dictated by any prior Supreme Court opinion.

*Blakely* specifically reserved judgment on whether *Apprendi's* rule applied to the Sentencing Guidelines. *See Blakely,* 124 S.Ct. at 2538 n. 9 ("The Federal Guidelines are not before us, and we express no opinion on them."). That suggests "the Court did not view its holding in [*Booker* ] as in any sense foreordained by its holding in [*Blakely* ]." *See Shults v. Whitley,* 982 F.2d 361, 362–63 (9th Cir.1992) (per curiam). Moreover, in the aftermath of *Blakely,* the circuits split over what bearing the case had on the Guidelines. *Compare United States v. Koch,* 383 F.3d 436, 438–43 (6th Cir.2004) (en banc) (declining to apply *Blakely* to the Guidelines), *United States v. Reese,* 382 F.3d 1308, 1310–12 (11th Cir.2004) (same), *United States v. Hammoud,* 381 F.3d 316, 348–53 (4th Cir.

2004) (en banc) (same), *United States v. Mincey,* 380 F.3d 102, 105–06 (2d Cir.2004) (per curiam) (same), *and United States v. Pineiro,* 377 F.3d 464, 467–73 (5th Cir. 2004) (same), *with United States v. Ameline,* 376 F.3d 967, 974–78 (9th Cir.2004) (holding that *Blakely* applies to the Guidelines), *and United States v. Booker,* 375 F.3d 508, 510–15 (7th Cir.2004) (same). Even those circuits that applied *Blakely* to the Guidelines, as the Supreme Court ultimately did in *Booker,* did so over dissent. *See Ameline,* 376 F.3d at 984 (Gould, J., dissenting); *Booker,* 375 F.3d at 515 (Easterbrook, J., dissenting).

■ Because the Supreme Court's rule in *Booker* was not dictated by its prior decision in *Blakely*—nor, a fortiori, by its earlier decisions in *Apprendi* and *Ring*—it announced a new rule of constitutional law. *See, e.g., Humphress v. United States,* 398 F.3d 855, 861 (6th Cir.2005) ("The *Booker* rule is clearly new.").

■ 2. In addition, *Booker's* new rule is procedural. *See id.* at 860 n. 1 ("Without question, [*Booker's* ] rule is a procedural one."); *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir.2005) ("*Booker,* like *Apprendi* and *Ring,* must be treated as a procedural decision for purposes of retroactivity analysis."). In *Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), the Supreme Court declared that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." *Id.* at 2523 (citation omitted). After *Booker,* no conduct that was previously legal has been made illegal, nor is there any difference in who may be punished for illegal conduct. Instead, *Booker* dealt only with the manner of determining a defendant's sentence. *Booker*

"rested entirely on the Sixth Amendment's jury-trial guarantee, a provision that has nothing to do with the range of conduct a State may criminalize." *See id.*

**3.** Because *Booker* announced a new procedural rule, it may be applied retroactively under *Teague* only if it is a "watershed rule[ ] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (quoting *Saffle v. Parks,* 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) (quoting *Teague,* 489 U.S. at 311, 109 S.Ct. 1060)) (internal quotation marks omitted).

Defendant maintains that *Booker* is a watershed rule because it "substantial[ly] increase[d] ... the burden of proof from a mere preponderance to beyond a reasonable doubt." Although *Apprendi* made such a change, the same is not true of *Booker.* *Booker* left intact the Guidelines' provisions for judicial factfinding, as well as their standard of proof. After *Booker,* district judges must calculate the Guidelines range as they did before—based on their own factual findings made by a preponderance of the evidence. The only difference is that the range they calculate is no longer mandatory. *See McReynolds,* 397 F.3d at 481 ("[T]he only change [is] the degree of flexibility judges ... enjoy in applying the guideline system.")

The change from mandatory to advisory sentencing is not itself sufficient to make *Booker* a watershed rule. The starting— and, in many cases, ending—point is still the Guidelines range. While some defendants might receive a lighter sentence now than they would have when district judges lacked discretion to sentence outside of that range, this change alone does not place *Booker* within the "small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty." *Graham v. Collins,* 506 U.S. 461, 478, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) (quoting *Teague,* 489

U.S. at 311, 109 S.Ct. 1060 (quoting *Mackey v. United States,* 401 U.S. 667, 693, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring in judgments in part and dissenting in part) (quoting *Palko v. Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 82 L.Ed. 288 (1937)))) (omission in original) (internal quotation marks omitted).

\* \* \*

The court holds, consistent with the views of every circuit that has addressed the issue, that *Booker* does not apply retroactively to cases that became final before it was decided. *See Guzman v. United States,* 404 F.3d 139, 140–42 (2d Cir.2005); *Varela v. United States,* 400 F.3d 864, 866–68 (11th Cir.2005) (per curiam); *Humphress,* 398 F.3d at 860–63; *McReynolds,* 397 F.3d at 480–81.

Defendant's motion to vacate his sentence is DENIED.