[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
September 2, 2004
**THOMAS K. KAHN**
**CLERK**

No. 03-13117

D. C. Docket No. 02-00154 CR-2-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC ORLANDO REESE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(September 2, 2004)**

Before ANDERSON and BIRCH, Circuit Judges, and LAND\*, District Judge.

ANDERSON, Circuit Judge:

Eric Orlando Reese appeals his conviction and sentence imposed for being a

---

\* Honorable Clay D. Land, United States District Judge for the Middle District of Georgia, sitting by designation.

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A jury convicted Reese of this offense on December 16, 2002. At sentencing, the district court imposed a four-level enhancement pursuant to USSG § 2K2.1(b)(5), possessing a firearm in connection with another felony, because officers found 28.40 grams of cocaine base, 1.75 grams of marijuana, and a digital scale in the glove compartment of the automobile in which the firearm was located. The district court also imposed a two-level enhancement pursuant to USSG § 2K2.1(b)(4) because the firearm was stolen. Reese timely appealed. He challenges on appeal: 1) the sufficiency of the evidence to support his underlying conviction; and 2) the fact that the factual finding supporting his four-level enhancement imposed pursuant to 2K2.1(b)(5) was made by the district court instead of by the jury.

After oral argument and careful consideration, we reject without need for further discussion Reese's challenge to the sufficiency of the evidence supporting his underlying conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Reese's remaining argument in his initial brief is that the district court invaded the province of the jury by finding that the firearm was possessed in connection with another felony offense. Reese sufficiently and timely raised this

constitutional objection based upon <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000), in the district court.  <u>See</u> <u>United States v. Candelario</u>, 240 F.3d 1300, 1304 (11th Cir. 2001).  Because Reese made a timely constitutional objection, he is entitled to the benefit of preserved error review.  <u>See</u> <u>id.</u>

After the initial briefing in this case, the Supreme Court decided <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S. Ct. 2531 (June 24, 2004).  In <u>Blakely</u>, the Supreme Court applied the rule set out in <u>Apprendi</u>, and held that the imposition – based solely on the sentencing judge's factual findings – of a sentencing enhancement above the 53 month standard range indicated in the State of Washington's Sentencing Reform Act violated Blakely's Sixth Amendment rights because the facts supporting the findings were neither admitted by Blakely nor found by a jury beyond a reasonable doubt.  Because Reese raised in his initial brief a similar challenge to that raised by Blakely – namely that the factual finding supporting the enhancement should have been made by the jury beyond a reasonable doubt instead of by the sentencing judge – we ordered supplemental briefing with respect to the impact of <u>Blakely</u> on the Federal Sentencing Guidelines ("Guidelines") as applied in this case.[1]  Because Reese preserved this argument

_____

[1] In his initial brief, Reese made the <u>Apprendi</u>-type argument only with respect to the § 2K2.1(b)(5) enhancement (four levels because the firearm was possessed in connection with another felony).  He did not raise this issue with respect to the stolen firearm enhancement

3

below, we must determine the impact of the Supreme Court's opinion in <u>Blakely</u> on the Guidelines.

The most significant aspect of <u>Blakely</u> was the Supreme Court's change with respect to the underlying assumption of what constitutes the relevant maximum for <u>Apprendi</u> purposes. The Court in <u>Blakely</u> looked to the standard range for second degree kidnaping as stated in the Washington Sentencing Guidelines, 53 months, instead of the 10 years authorized under another Washington statute for class B felonies. <u>Blakely</u>, 124 S. Ct. at 2537. As noted by the Fifth Circuit in <u>United States v. Pineiro</u>, 377 F.3d 464 (5th Cir. July 12, 2004), the constitutional fate of the Guidelines after <u>Blakely</u> depends upon whether they are viewed: 1) like the Washington statute as defining different offenses with different maximum sentences, such that a Guideline sentencing range unenhanced by judicial fact finding sets a "maximum sentence" for purposes of <u>Apprendi</u>; or 2) as a tool for channeling the sentencing court's discretion within a specific crime's minimum and

imposed pursuant to § 2K2.1(b)(4). Reese did not challenge the § 2K2.1(b)(4) enhancement in any way in his initial brief, a fact that he concedes in his supplemental brief, stating that this enhancement was not "specifically referenced or challenged by counsel on appeal." Accordingly, Reese is not entitled to have this court entertain any argument with respect to the § 2K2.1(b)(4) enhancement. See <u>United States v. Nealy</u>, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [<u>Apprendi</u>] indictment issue by not raising the issue in his initial brief."); <u>United States v. Ford</u>, 270 F.3d 1346, 1347 (11th Cir. 2001) ("[O]ur well established rule is that issues and contentions not timely raised in the briefs are deemed abandoned."); <u>United States v. Curtis</u>, ___ F.3d ___, 2004 WL 1774785 (11th Cir. Aug. 10, 2004) (order declining to permit a supplemental brief raising a <u>Blakely</u> issue for the first time, following <u>Nealy</u> and <u>Ford</u>).

4

maximum sentence provided in the United States Code, with that maximum being the only constitutionally relevant "maximum sentence." Pineiro, 377 F.3d at 470.

After canvassing the relevant Supreme Court precedent – including Mistretta v. United States, 488 U.S. 361, 396, 109 S. Ct. 647, 667 (1989); Edwards v. United States, 523 U.S. 511, 513-15, 118 S. Ct. 1475, 1477-78 (1998), as well as United States v. Cotton, 535 U.S. 625, 633 n.3, 122 S. Ct. 1781, 1786 n.3 (2002); Witte v. United States, 515 U.S. 389, 399, 115 S. Ct. 2199, 2206 (1995); and United States v. Watts, 519 U.S. 148, 156-57, 117 S. Ct. 633, 637-38 (1997) – and expressing doubt that the Guidelines were intended to create hundreds of different "Apprendi" offenses corresponding to the myriad permutations under the Guideline factors, the Fifth Circuit concluded that Supreme Court precedent prior to Blakely supported the view that the Guidelines were a tool for channeling sentencing discretion and that Blakely did not compel departure from the long-embraced distinction drawn in the precedent between the Guideline ranges and the maxima established in the United States Code for the various offenses. Pineiro, 377 F.3d at 470-73. The very recent en banc decision of the Sixth Circuit notes additional and persuasive reasons supporting the view that Blakely does not give license to lower courts to depart from this previous Supreme Court precedent. United States v. Koch, ___ F.3d ___, 2004 WL 1899930 (6th Cir. Aug. 26, 2004).

5

We agree with the Fifth Circuit in Pineiro and the Sixth Circuit in Koch that Blakely does not compel a departure from previous Supreme Court precedent and the precedent of our own circuit culminating in United States v. Sanchez, 269 F.3d 1250 (11th Cir. 2001). We add to the discussion already extant in the opinions of the Fifth and Sixth Circuits only the following comments about Edwards. As we discussed in United States v. Duncan, ___ F.3d ___, 2004 WL 1838020 (11th Cir. Aug. 18, 2004), the petitioners/defendants in Edwards challenged the district court's finding at their sentencing hearing that the drug conspiracy involved both cocaine *and* crack; they challenged the judge's authority to so find, because the jury had returned only a general verdict, and the district court had instructed the jury that the government needed to prove the conspiracy involved cocaine *or* crack. Edwards, 523 U.S. at 513, 118 S. Ct. at 1476-77. The Supreme Court quickly dismissed the argument that the district court was not authorized to make this determination under the Guidelines. Id. at 513-14, 118 S. Ct. at 1477. The Supreme Court then dismissed the petitioners' claims under the statute and the Constitution, including a Sixth Amendment challenge. See id. at 514-15, 118 S. Ct. at 1477-78; Brief for Petitioners at 30-39, Edwards v. United States, 523 U.S. 511, 118 S. Ct. 1475 (1998) (No. 96-8732). As part of that discussion the Supreme Court stated:

6

> Of course, petitioners' statutory and constitutional claims would make a difference if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy. That is because a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines. USSG § 5G1.1. But, as the Government points out, the sentences imposed here were within the statutory limits applicable to a cocaine-only conspiracy, given the quantities of that drug attributed to each petitioner.

Edwards, 523 U.S. at 515, 118 S. Ct. at 1477-78.

It is clear from the above language that the Supreme Court in Edwards viewed the maximum listed in the United States Code as the relevant maximum for Sixth Amendment purposes instead of the range listed in the Federal Sentencing Guidelines. Not only is the language of the opinion itself clear, it is also true that if the Supreme Court had been focusing on the Guidelines to provide the relevant maximum, some of the Edwards petitioners' sentences (involving cocaine and crack) would have exceeded the range under the Guidelines for a cocaine-only conspiracy. See Brief for Petitioners at 4; Edwards v. United States, 523 U.S. 511, 118 S. Ct. 1475 (1998) (No. 96-8732) (listing for each petitioner the district judge's findings with respect to drug type and quantity, the base offense level, the total offense level, the Guidelines range, and the sentence imposed); Brief for the United States at 5-6, Edwards v. United States, 523 U.S. 511, 118 S. Ct. 1475 (1998) (No. 96-8732) (listing for each petitioner the district judge's findings with

7

respect to drug type and quantity); United States Sentencing Commission, Guidelines Manual, § 2D1.1(c) (Nov. 1994).

We are aware that Edwards was decided prior to Apprendi; however, that decision seems to approve Edwards, not question it.  In Apprendi the Supreme Court indicated in a footnote that the Guidelines were not before the Court and that Apprendi therefore expressed no view on the Guidelines other than what the Court had already held.  The  Supreme Court then cited Edwards and included a parenthetical quoting the following language from Edwards:

> Of course, petitioners' statutory and constitutional claims would make a difference if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy.  That is because a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines.

Apprendi, 530 U.S. at 497 n.21, 120 S. Ct. at 2366 n.21.

Although it is true that there was no argument in Edwards to the effect that the maxima set out in the various Guidelines provisions constituted the relevant maximum for Sixth Amendment purposes, nevertheless, the Supreme Court did reject a Sixth Amendment challenge to the judicial fact finding there with respect to a sentence below the statutory maximum set out in the United States Code.  In light of Edwards and our own precedent in Sanchez, the additional cases and

8

reasoning discussed by the Fifth Circuit in Pineiro and the Sixth Circuit in Koch, as well as the Supreme Court's express avoidance of this issue with respect to the Guidelines in the Blakely opinion itself, we decline to conclude that Blakely compels an alteration of the established view of the Guidelines as a tool for channeling the sentencing court's discretion within a crime's minimum and maximum sentence provided in the United States Code, with that maximum being the only constitutionally relevant maximum sentence. Therefore, the district court did not err in imposing the four-level enhancement pursuant to USSG § 2K2.1(b)(5). We hold that district courts should continue to sentence pursuant to the Guidelines until such time as the Supreme Court rules on this issue.[2] In so holding, we join the Second, Fourth, Fifth, and Sixth Circuits. See United States v. Mincey, ___ F.3d ___, 2004 WL 1794717 (2d Cir. Aug. 12, 2004); United States v. Hammoud, 378 F.3d 426 (4th Cir. Aug. 2, 2004); Pineiro, 377 F.3d 464; Koch, ___ F.3d ___, 2004 WL 1899930.

We acknowledge that two circuits have held that Blakely does apply to the Guidelines, and that it is very difficult to predict whether the Supreme Court will apply Blakely to the Guidelines, and, if it does, whether it will hold that the

_____

[2] The Supreme Court has scheduled oral argument on this issue for October 4, 2004. See United States v. Booker, ___ S. Ct. ___, 2004 WL 1713654 (U.S. Aug. 2, 2004); United States v. Fanfan, ___ S. Ct. ___, 2004 WL 1713655 (U.S. Aug. 2, 2004).

Guidelines fall in their entirety or only in part. In light of this instability, we recognize that district courts might deem it wise and appropriate to take protective steps in case the Guidelines are later found unconstitutional in whole or in part. However, we are reluctant to provide specific advice with respect to what protective steps, if any, might be appropriate to reduce confusion and protect against duplicative judicial efforts should the Supreme Court so rule. We realize that such appropriate and feasible steps might vary with each individual case.

For the foregoing reasons, Reese's conviction and sentence are AFFIRMED.