[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 27, 2005
THOMAS K. KAHN
CLERK

No. 03-13117

D. C. Docket No. 02-00154-CR-2-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC ORLANDO REESE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(January 27, 2005)**

Before ANDERSON and BIRCH, Circuit Judges, and LAND*, District Judge.

PER CURIAM:

_____
*Honorable Clay D. Land, United States District Judge for the Middle District of Georgia, sitting by designation.

The panel's opinion in this case issued on September 2, 2004, and was published in 382 F.3d 1308 (11ᵗʰ Cir. 2004). The mandate was withheld pursuant to a request by an active judge. In addition to a challenge to his conviction for insufficiency of the evidence, Reese's initial brief on appeal also raised a constitutional challenge to his sentence based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), arguing that the district court invaded the province of the jury by finding that the firearm was possessed in connection with another felony, thus enhancing his sentence by four levels.[1] This objection was timely raised in the district court, and therefore Reese is entitled to preserved error review on appeal. After the initial briefing in this case, the Supreme Court decided Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004). Accordingly, and because the issue had been preserved in the district court and in his initial brief on appeal, we requested and received supplemental briefs. Our September 2, 2004, opinion concluded that Blakely did not apply to the Federal Sentencing Guidelines and did not compel a departure from previous precedent of the Supreme Court and this Circuit.

On January 12, 2005, the Supreme Court decided United States v. Booker,

---

[1] No other challenges to the judgment of the district court were raised in Reese's initial brief, and therefore he was not entitled to have the court entertain any other issues. See 382 F.3d at 1309-10 n.1.

543 U.S. ___ (2005), concluding that a sentence in a posture indistinguishable from the instant case did violate the Sixth Amendment, and therefore vacated the sentence and remanded for resentencing pursuant to the holdings of Booker – "both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act." Id., 543 U.S. ___, slip op. at 25 (Op. of Breyer, J. for the Court); 2005 WL 50108 at *26.

Because Booker has no effect on Reese's challenge to his conviction, we reaffirm our affirmance of the judgment of the district court with respect to the conviction. However, in light of Booker, we vacate our previous opinion with respect to Reese's challenge to his sentence; we vacate the judgment of the district court with respect to the sentence; and we remand to the district court for resentencing consistent with the Supreme Court opinions in Booker.

AFFIRMED in part, VACATED in part, and REMANDED.