[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 04-11569
Non-Argument Calendar

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS  K. KAHN
CLERK

D. C. Docket No. 03-60131-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENE A. SMITH,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(June 8, 2005)**

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before BIRCH, DUBINA and COX, Circuit Judges.

PER CURIAM:

This case is before us following the Supreme Court's order vacating the judgment of this court and remanding the case for further consideration in light of *United States v. Booker*, __ U.S. __ , 125 S. Ct. 738 (2005). *See United States v. Smith*, No. 04-11569 (11th Cir. Oct. 22, 2004), *vacated*, No. 04-8309 (April 11, 2005).

Gene Smith was charged with conspiracy to furnish to another a false, forged, and counterfeit United States passport in violation of 18 U.S.C. § 371 (Count 1), and knowing and willful possession, with intent to use and transfer unlawfully, counterfeit birth certificates and Social Security cards in violation of 18 U.S.C. § 1028 (Count 2). Pursuant to a written plea agreement, Smith pleaded guilty to Count 2 of the indictment. Following a sentencing hearing, Smith was sentenced to a term of 21 months' imprisonment.

Smith's initial brief on direct appeal raised only one issue: whether, pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004), her sentence constituted a violation of her Sixth Amendment right to have a jury determine beyond a reasonable doubt all the facts upon which her sentence was based. We affirmed Smith's conviction and sentence, finding that Smith could not establish plain error pursuant to *United States v. Reese*, 382 F.3d 1308 (11th Cir. 2004). *United States v. Smith*, No. 04-11569 (11th

2

Cir. Oct. 22, 2004). After the Supreme Court decided *Booker*, the Court vacated the judgment of this court and remanded the case for reconsideration.

On remand, we directed the parties to submit supplemental briefs specifically addressing: (1) where, when, and how any *Booker* issue was first raised; and (2) any argument about whether and how the *Booker* decision applies to the present case, and what action the court should take. The parties agree that Smith timely challenged her sentence by asserting a constitutional claim in her initial brief before this court. *See United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir.), *reh'g en banc denied*, 391 F.3d 1327 (11th Cir. 2004) (holding that an issue is waived if not in an initial brief). However, in the district court Smith never raised a constitutional challenge to the Sentencing Guidelines prior to, during, or after trial or sentencing. Accordingly, we review her Sixth Amendment *Booker* argument only for plain error. *United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005).

Smith now asks this court to vacate her sentence and remand for resentencing, contending there was both constitutional and statutory error under *Booker*. The Government contends, however, that Smith cannot meet her burden to establish plain error. We agree.

Under plain error review, Smith bears the burden of establishing (1) error, (2) that is plain, which (3) affects her substantial rights. *Id*. at 1298. If these three

3

conditions are met, the court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Although we believe Smith has satisfied the first two prongs of the plain error test, she cannot show that any error affected her substantial rights. In order to do so, Smith cannot rely on speculation that the judge might have imposed a different sentence, or that she might fare better on remand. *Id.* at 1301. Rather, she must demonstrate "a reasonable probability that if the district court had considered the guidelines range it arrived at using extra-verdict enhancements as merely advisory, instead of mandatory, and had taken into account any otherwise unconsidered § 3553 factors, the court would have imposed a lesser sentence than it did." *Id.* at 1302.

Nothing in the record supports such a conclusion here. In fact, the record suggests that the court below was inclined to give Smith a longer sentence than the one imposed, and that the court considered Smith's sentence at the high end of the guideline range a lenient one. (R.3 at 137, 158, 161, 163-64.) We find no plain error, and our previous decision affirming Defendant's conviction and sentence is, therefore, reinstated.

JUDGMENT AFFIRMING CONVICTION AND SENTENCE REINSTATED.