[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13982
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-60069-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL MORENO HURTADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 10, 2005)

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Samuel Moreno Hurtado appeals his 46-month sentence imposed

after pleading guilty to one count of illegal reentry of a previously deported alien,

in violation of 8 U.S.C. §§ 1326(a).  The district court enhanced Hurtado's sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on prior felony convictions for drug trafficking offenses for which the sentence imposed exceeded 13 months.

On appeal, Hurtado argues that, in light of *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the district court violated his Fifth and Sixth Amendment rights in enhancing his sentence based on the fact of Hurtado's prior felony convictions for drug trafficking offenses for which the sentence imposed exceeded 13 months, where that fact was found by the district court and not charged in the indictment, proved to a jury beyond a reasonable doubt, or expressly admitted by Hurtado.  Hurtado concedes that he admitted the fact of his two convictions for drug trafficking offenses during his plea colloquy but contends that he did not admit to the fact that the convictions were for "felonies" or that the sentence imposed exceeded 13 months.  Hurtado also argues that this Court's decision  in *United States v. Marseille*, 377 F.3d 1249 (11th Cir. 2004), which held that *Blakely* did not take findings of prior convictions out of the hands of the courts, was distinguishable in that Hurtado's prior convictions had not been charged in his indictment, in violation of his Fifth Amendment rights. Hurtado further argues that the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed 2d 350 (1998), should not

apply here because it has been "gravely wounded" by subsequent decisions and has been applied only to situations where only the fact of a prior conviction is at issue, not to situations where additional facts, such as whether the conviction resulted in a sentence which exceeded 13 months, are at issue. Hurtado also filed two letters of supplemental authority pursuant to Fed.R.App.P. 28(j). In the first letter, Hurtado cites to *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and argues that the district court erred by applying the guidelines in a mandatory fashion. In the second letter, Hurtado cites to *Shepard v. United States*, __ U.S. __, 125 S.Ct. 1254, __ L.Ed.2d __ (2005), and argues that the district court erred under *Shepard* in determining facts "about a prior conviction," as opposed to a "fact of a prior conviction."

We review a defendant's preserved constitutional challenges to his sentence *de novo* but will reverse and remand only for harmful error. *See United States v. Paz*, ___ F.3d ___, No. 04-14829 (11th Cir. Apr. 5, 2005) (holding that this Court reviews a *Booker* issue *de novo* where the defendant objected in the district court to sentence enhancements based on facts not found by a jury nor admitted by the defendant). We further explained in *Paz* as follows:

> A constitutional error, such as a *Booker* error, must be disregarded as not affecting substantial rights, if the error is harmless beyond a reasonable doubt. This standard is only met where it is clear beyond a reasonable

3

doubt that the error complained of did not contribute to the sentence obtained. The burden is on the government to show that the error did not affect the defendant's substantial rights.

*Paz*, ___ F.3d at ___ (internal quotations and marks omitted and citations omitted).

U.S.S.G. § 2L1.2(b)(1)(A) provides for a 16-level increase to a defendant's base offense level if the defendant was previously deported or unlawfully remained in the United States after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months. U.S.S.G. § 2L1.2(b)(1)(A).

"In *Almendarez-Torres v. United States*, the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *United States v. Marseille*, 377 F.3d at 1257.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) (emphasis added), the Supreme Court declined to revisit *Almendarez-Torres* and held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

In *Marseille*, we refused to interpret the Supreme Court's rationale in *Apprendi* as overruling the prior Supreme Court decision in *Almendarez-Torres*. 377 F.3d at 1257.  We further concluded that *Blakely* "does not take such fact-finding out of the hands of the courts."  *Id.* at 1257-58 n.14; *see also United States v. Guadamuz-Solis*, 232 F.3d 1363 (11th Cir. 2000) (holding that *Almendarez-Torres* remains the law after *Apprendi*).

In *Booker*, the Supreme Court concluded that its holding in *Blakely* applied to the Federal Sentencing Guidelines, and it reaffirmed its holding in *Apprendi*: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  543 U.S. at ___, 125 S.Ct. at 756.

We have recently clarified that the Supreme Court's decision in *Almendarez-Torres* "was left undisturbed by *Apprendi*, *Blakely*, and *Booker*." *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005).  We noted that while recent decisions, including *Shepard*, may arguably cast doubt on the future prospects of *Almendarez-Torres*, the Supreme Court has not explicitly overruled *Almendarez-Torres* and, as a result, we must follow *Almendarez-Torres*.  *United States v. Camacho-Ibarquen*, ___ F.3d ___, No. 04-11155, (11th Cir. Mar. 30,

5

2005). In *Camacho-Ibarquen*, we further held that a defendant's Sixth Amendment rights are not violated when his sentence is enhanced under § 2L1.2(b)(1)(A) based on a prior conviction. *Camacho-Ibarquen*, ___ F.3d at ___; *see also United States v. Orduno-Mireles*, ___ F.3d ___, No. 04-12630 (11th Cir. Apr. 6, 2005) (same).

However, a district court commits *Booker* error, even in the absence of a Sixth Amendment enhancement violation, when it misapplies the guidelines by considering them as binding as opposed to advisory. *Orduno-Mireles*, ___ F.3d at ___ (*citing* to *Shelton*, 400 F.3d at 1330-31).

Because the rules announced in *Apprendi*, *Blakely*, and *Booker*, by their express terms, do not apply to the fact of "a prior conviction," we conclude that the *Booker* holding, by implication, does not require that prior convictions be charged in the indictment, found by the jury beyond a reasonable doubt or admitted by the defendant. Moreover, in *Marseille*, we noted that until the Supreme Court holds otherwise, *Almendarez-Torres* remains good law. *Marseille*, 377 F.3d at 1257. The Supreme Court decisions in *Apprendi*, *Blakely*, and *Booker* have not overruled its holding in *Almendarez-Torres* that prior convictions may be considered in enhancing sentences. *See Shelton*, 400 F.3d at 1329. Thus, after *Booker*, a judge still is able to impose enhancements on the basis of a defendant's

6

prior convictions, and there is no Sixth Amendment violation. *See Camacho-Ibarquen*, ___ F.3d at ___.

Even so, Hurtado argues that the district court's enhancement of his sentence under § 2L1.2 involved more than a mere finding of the fact of a prior conviction. Rather, Hurtado asserts that the enhancement involved a further determination as to whether his prior convictions were felony convictions for which the sentence imposed exceeded 13 months. In *Marseille*, we reviewed a similar argument that the district court improperly enhanced the defendant's sentence under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, based on his four prior convictions for violent and drug-related felonies that were not alleged in the indictment, and refused to interpret the Supreme Court's rationale in *Apprendi* as overruling the prior Supreme Court decision in *Almendarez-Torres*. 377 F.3d at 1257. Thus, we explicitly considered a similar argument and rejected it, concluding that *Blakely* "does not take such fact-finding out of the hands of the courts." *Id.* at 1257-58 n. 14. To the extent there is such a distinction, Hurtado did not object to the PSI's description of the relevant prior convictions, and, thus, this fact is deemed "admitted" for *Booker* purposes. *See Shelton*, 400 F.3d at 1330.

Further, Hurtado's argument that *Shepard* draws a distinction, for Sixth Amendment purposes, between the "fact of a prior conviction" and a "fact about a prior conviction" is without merit. The portion of the decision containing that language is from the plurality portion of the opinion; because Justice Thomas dissented from that portion of the opinion, it is not part of the majority opinion and is, therefore, not binding. *See Shepard*, __ U.S. at __, 125 S.Ct. at 1262-63. Thus, while *Shepard* arguably casts doubt on the future prospects of *Almendarez-Torres*, the Supreme Court has not explicitly overruled *Almendarez-Torres* and, as a result, we must follow *Almendarez-Torres*. *See Camacho-Ibarquen*, ___ F.3d at ___.

We, therefore, conclude that the district court did not violate Hurtado's Sixth Amendment rights. However, the record demonstrates that the district court specifically stated that it was "obligated to apply the guideline and the 16-level enhancement in this case." The district court, then, sentenced Hurtado under a mandatory guidelines scheme, and, therefore, we conclude that the court committed *Booker* statutory error. *See Orduno-Mireles*, ___ F.3d at ___ (*citing* to *Shelton*, 400 F.3d at 1330-31).

We, then, must determine whether this *Booker* error was harmless beyond a reasonable doubt. *See Paz*, ___ F.3d at ___. The government has not made such a

8

showing.  Rather, the government argues only that there was no error under *United States v. Reese,* 382 F.3d 1308 (11th Cir. 2004), and *Almendarez-Torres*.

Looking to the record, it is not clear beyond a reasonable doubt that the error was harmless.  *See Paz*, ___ F.3d at ___.  The district court overruled Hurtado's *Blakely* objection to the enhancement, finding that *Almendarez-Torres* was still the law of this circuit and that it was "obligated" to apply the guidelines. There is no indication from the sentencing court that it would have imposed the same sentence had it used the guidelines in an advisory fashion.  Rather, in sentencing Hurtado at the lowest end of the guidelines and noting that it was obligated to apply the guidelines, the court implicitly indicated that it may have sentenced differently had it used the guidelines in an advisory fashion.  Because it is not clear beyond a reasonable doubt that the error was harmless, Hurtado must be resentenced under the advisory guidelines system.  *See Paz*, ___ F.3d at ___. On remand, the district court, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."  *Booker*, 543 U.S. at __, 125 S.Ct. at 767.

In sum, we conclude that the district court did not violate Hurtado's Sixth Amendment rights in enhancing Hurtado's sentence under § 2L1.2 because the district court's determination that Hurtado had prior convictions did not implicate

*Apprendi*, *Blakely*, or *Booker*, and the determination, that his prior convictions were for felonies that are drug trafficking offenses for which the sentence imposed exceeded 13 months, has not been taken out of the hands of the courts. However, because the district court sentenced Hurtado under a mandatory guidelines scheme, the court committed *Booker* statutory error. Because it is not clear from the record, beyond a reasonable doubt, that the error is harmless, Hurtado should be resentenced under the advisory guidelines system. Accordingly, we vacate Hurtado's sentence and remand this case for resentencing consistent with this opinion.

**VACATED AND REMANDED**.