[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2005
THOMAS  K. KAHN
CLERK

No. 04-13075
Non-Argument Calendar
_____

D. C. Docket No. 04-20074-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO MURCIA-PERLAZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 14, 2005)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Orlando Murcia-Perlaza appeals his 87-month sentence for importation of

heroin, in violation of 21 U.S.C. § 952(a). On appeal, he argues: (1) that his sentence is unconstitutional pursuant to Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, __ U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005); and (2) that, because his role in the offense was only to serve as a drug courier, and there were other, more culpable participants in the drug importation scheme, the district court should have adjusted his base offense level downward two levels, pursuant to U.S.S.G. § 3B1.2. We address each argument in turn.

## 1. Booker Error

Because Murcia-Perlaza raises his Blakely/Booker claim for the first time on appeal, we review it for plain error. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir. 2005). An appellate court may not correct an error raised for the first time on appeal unless there is: "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Cotton, 535 U.S. 625, 631 (2002) (quotations and internal marks omitted); Rodriguez, 398 F.3d at 1298. If these three conditions are met, we have discretion to correct the error, so long as "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Cotton, 535 U.S. at 631 (quotations and internal marks omitted); Rodriguez, 398 F.3d at 1298.

### a. Constitutional Error

In this case there was no constitutional Booker error. Pursuant to Booker, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. Murcia-Perlaza admitted to importing 4,715 grams of a mixture and substance containing a detectable amount of heroin at his change of plea hearing — the fact supporting his sentence that he alleges gives rise to the Booker violation — when he agreed that the government's statement of the factual basis for its charges "accurately describes what [he] did in this case[.]" Because Murcia-Perlaza admitted this fact, the district court did not commit constitutional Booker error.

### b. Non-Constitutional (Statutory) Error

However, the district court did err by sentencing Murcia-Perlaza under a mandatory, rather than advisory, sentencing guidelines scheme, even in the absence of a constitutional violation. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Moreover, such error is plain, even though the district court sentenced Murcia-Perlaza before Booker was decided. Id. at 1331.

Under Rodriguez, to satisfy the third-prong of the plain-error test, a

3

defendant bears the burden of proving a "reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." 398 F.3d at 1301. A "reasonable probability" of a different result is a probability "sufficient to undermine confidence in the outcome" of the proceeding. Id. at 1299 (quoting United States v. Dominguez Benitez, 542 U.S. 74, __, 124 S. Ct. 2333, 2340, 159 L. Ed. 2d 157 (2004)). The only evidence that the district court would have imposed a lower sentence under an advisory guidelines scheme is that it imposed the lowest sentence possible within the applicable guidelines range, which is insufficient to establish the requisite "reasonable probability of a different result" under Rodriguez. United States v. Fields, __ F.3d __, No. 04-12486, 2005 U.S. App. LEXIS 8637, *9-12 (11th Cir. May 16, 2005). Therefore, Murcia-Perlaza cannot demonstrate that the district court committed plain error when it sentenced him under a mandatory guidelines scheme.

## 2. Minor-Role Downward Adjustment under U.S.S.G. § 3B1.2

Murcia-Perlaza next argues that the district court should have adjusted his base offense level downward two levels, pursuant to U.S.S.G. § 3B1.2. He asserts that, because he had no role in planning the criminal scheme or distributing the drugs, he was less culpable than others, who acted as "partners," while he merely

4

served as a "cog in the machine." He argues that the district court ignored the fact that he was a courier, while others were involved in recruiting, instructing, supervising, and guiding couriers. He contends that, instead of focusing on the totality of the circumstances, the district court overemphasized the amount of drugs imported.

The district court's determination of a defendant's role in the offense is a finding of fact that we review for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). A minor-role downward adjustment under § 3B1.2 is appropriate only in circumstances where the defendant plays a part in committing the offense that makes him substantially less culpable than the average participant. U.S.S.G. § 3B1.2, cmt. n.3(A). It is the defendant's burden to show by a preponderance of the evidence that he played only a minor role in the offense. De Varon, 175 F.3d at 934. In determining a defendant's role in the offense, the district court first must measure the defendant's role against the relevant conduct for which she was held accountable at sentencing. Id. Second, "the district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." Id.

The district court's finding that Murcia-Perlaza had a key duty in the crime, and that his participation was more than minor, is supported by the record, and the

5

district court did not clearly err by declining to apply a minor-role downward adjustment.

Based on the foregoing, we affirm Murcia-Perlaza's sentence.

**AFFIRMED.**