[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 01-11738
Non-Argument Calendar

_____

D. C. Docket No. 98-00302-CR-T-24C

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAWLE ARNOLD MOHAMMED,
a.k.a. Jason Furlow, etc.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On March 11, 2004, we affirmed the 156 months' prison sentence appellant

received for conspiring to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846.[1]  United States v. Mohammed, 99 Fed. Appx. 885, 2004 WL 625760 (11th Cir. March 11, 2004).  In affirming appellant's sentence, we rejected appellant's claim that the district court committed a Sixth Amendment error in basing the sentence on "uncharged drug quantities in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)."[2]

On July 19, 2004, appellant petitioned the United States Supreme Court for a writ of certiorari; in support of his petition, he cited Blakely v. Washington, 542 U.S. ____, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), a decision the Court handed down on June 24, 2004.   In Blakely, the Court, applying Apprendi to a state guidelines-sentencing scheme similar to the federal guidelines-sentencing scheme, held that the Sixth Amendment (made applicable to the States through the Fourteenth Amendment) barred the sentencing judge from enhancing Blakely's sentence based on facts neither admitted by the defendant nor found by a jury beyond a reasonable doubt.[3]  Blakely v. Washington, 542 U.S. at ____, 124 S. Ct.

---

[1]  The sentence was imposed following appellant's plea of guilty pursuant to a plea agreement with the Government.

[2]  Appellant's "contention [was] based on the notion that he only pled guilty to conspiring to distribute 'a detectable amount of cocaine,' not a specific quantity.  United States v. Mohammed, 99 Fed. Appx. 885, 2004 WL 625760 (11th Cir. March 11, 2004).

[3]  Blakely pled guilty to kidnaping his estranged wife.  A jury was not empaneled to find the facts the court used to enhance Blakely's sentence.

at 2537. In the case at hand, the Supreme Court granted Mohammed's petition for a writ of certiorari, vacated our judgment, and remanded this case "for further consideration in light of United States v. Booker, 543 U.S. ____ (2005)." Mohammed v. United States, ___ U.S. ____, 125 S. Ct. 1023, 160 L. Ed. 2d 1004(2005).

Because appellant timely presented his Apprendi objection to the district court and to this court in his initial brief, we treat his objection as preserving the error recognized in Blakely and now in United States v. Booker, 533 U.S. ____, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). United States v. Reese, 382 F.3d 1308, 1309 (11th Cir. 2004), modified on other grounds, 397 F.3d 1337 (11th Cir. 2005).

In pleading guilty, appellant admitted that he conspired to distribute "a detectable amount of cocaine," not a specific quantity. The presentence investigation report ("PSI") prepared by the district court's probation office held (on the basis of facts reported to the probation office) appellant "accountable for 43 kilograms of cocaine," a quantity carrying a base offense level of 34.[4] The PSI then increased this level by two levels for obstruction of justice, U.S.S.G. § 3C1.1, and two levels for appellant's leadership role in the conspiracy, U.S.S.G. § 3B1.1(c), and thus arrived at an adjusted offense level of 38. Given appellant's

---

[4] U.S.S.G. § 2D1.1(c)(3) provided a base offense level of 34 for offenses involving at least 15 kilograms but less than 50 kilograms of cocaine.

3

criminal history category of I, level 38 yielded a sentence range calling for a prison sentence at a point between 235 and 293 months, inclusive.

At sentencing, the court, in addressing appellant's objections to the PSI, declined to make the § 3B1.1(c) adjustment, and held appellant accountable for 10.3 kilograms of cocaine, instead of 43 kilograms as the PSI recommended. This lowered appellant's adjusted offense level to 32,[5] with a sentence range of 151 to 188 months' imprisonment. The court then sentenced appellant to a prison term of 156 months.

As stated above, this is a preserved-error case, not a plain-error case. Therefore, to avoid the vacation of appellant's sentence and a remand for resentencing, the Government must show that the error did not affect appellant's "substantial rights," Fed. R. Crim. P. 52(a); indeed, the Government must establish that, absent the error, appellant would not have received a lesser sentence. See United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005), reh'g en banc denied, 406 F.3d 1261 (2005), petition for cert. pending, _____. As the Rodriguez panel expressed it, if, after reviewing the record of the sentencing proceeding in this case, "we just don't know" whether the district court would have imposed the same sentence, the Government loses. Id. at 1301. In this case, after reviewing the

_____

[5] U.S.S.G. § 2D1.1(c)(4) provided a base offense level of 32 for offenses involving at least 5 kilograms but less than 15 kilograms of cocaine.

4

record, we can't say what sentence the court would have imposed had it treated the Guidelines as advisory rather than mandatory.

Appellant's sentence is accordingly vacated and the case is remanded for resentencing in accordance with <u>Booker</u>'s holdings.

**SO ORDERED**.