[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15051
Non-Argument Calendar

_____

D. C. Docket Nos. 04-00316-CV-4-RH-WCS,
01-00032-CR-4-R

DARRYL JAMES HICKS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 29, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Darryl Hicks, a federal prisoner, appeals pro se the district court's dismissal

of his motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 as time-barred. Hicks was issued a certificate of appealability ("COA") on the following issues: (1) whether Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), or United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), are retroactively applicable to cases on collateral review, and (2) if so, whether Hicks was permitted to challenge his sentences pursuant to 28 U.S.C. § 2255 ¶ 6(3). For the reasons stated more fully below, we affirm the district court's denial of Hicks's § 2255 motion as time-barred.

Hicks, a federal prisoner serving a 262-month sentence for conspiracy to distribute cocaine base, 21 U.S.C. §§ 841(a)(1) and 846, filed a pro se motion to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. The record reflects that Hicks pled guilty to the drug charge and judgment was entered on December 20, 2001. No direct appeal was ever filed, and Hicks's § 2255 motion was not signed until July 29, 2004.

In his supporting memorandum, Hicks argued, inter alia, that he had been sentenced in violation of his Sixth Amendment rights because his sentence was enhanced on the basis of prior convictions and drug quantity, as found by a judge, in violation of Blakely v. Washington. Hicks asserted that Blakely applied

2

retroactively to his case.

A magistrate judge issued a report and recommendation, finding that Hicks's motion was untimely under § 2255's one-year limitation period for filing, which started running from the date that Hicks's conviction became final, January 2, 2002, when the time to file a direct appeal expired. Thus, the report addressed whether a later commencement date should apply or whether Hicks qualified for equitable tolling. The report recommended that Hicks's motion be denied because the new right on which Hicks relied in Blakely, assuming it had any applicability to the Federal Sentencing Guidelines, was not retroactively applicable on collateral review. Alternatively, the magistrate found that Blakely did not apply retroactively for the purposes of commencing anew the one-year limitation period under § 2255 ¶ 6(3), and, in any event, Hicks's claim was procedurally barred because he had failed to raise the issue on direct appeal and could not establish cause and prejudice for his default.

Hicks filed objections, conceding that his § 2255 motion was untimely based on the date his conviction became final, but argued, inter alia, that (1) Blakely announced a newly recognized right under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); (2) the new right was a substantive rule of constitutional law affecting fundamental rights under the Sixth Amendment;

(3) <u>Blakely</u> required an entirely different burden of proof, meaning it was not merely procedural; (4) the accuracy of the proceedings was seriously impaired; and (5) the rule in <u>Blakely</u> should be applied retroactively on collateral review, which would render his § 2255 motion timely under § 2255 ¶ 6(3).

The district court found that the report and recommendation was correct and supported by this Court's earlier decision in <u>United States v. Reese</u>, 382 F.3d 1308 (11th Cir. 2004) (holding that <u>Blakely</u> did not apply to the Federal Sentencing Guidelines), <u>vacated by</u> 125 S.Ct. 1089 (2005).  The court further found that, even if <u>Blakely</u> were held applicable to the federal guidelines, Hicks would not be helped because he had previously failed to raise the issue.  Hicks appealed the district court's decision.  In a January 28, 2005, order, we granted a COA on the aforementioned issues.

On appeal, Hicks argues first that <u>Blakely</u> and <u>Booker</u> are not new rules of law, but actually an application of the existing rules that had been in existence since <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), making retroactivity a "foregone conclusion."  He next argues that, assuming <u>Blakely</u> and <u>Booker</u> are new rules of law, they are retroactively applicable under <u>Teague</u> because the new rule announced is a substantive rule, and not merely procedural.  Should we find the rule to be procedural, Hicks argues that

4

the rule is still retroactively applicable under <u>Teague</u> because the procedure implicates fundamental fairness of judicial proceedings and the accuracy of the outcome. He argues that <u>Booker</u> and <u>Blakely</u> are distinguishable from <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), because in <u>Ring</u>, regardless of whether a judge or jury made factual findings, the burden of proof was beyond a reasonable doubt, as opposed to by a preponderance of the evidence. Finally, Hicks argues that error under <u>Booker</u> is structural error requiring automatic reversal because it alters the government's burden of proof regarding facts at sentencing, and is not subject to <u>Teague</u>'s non-retroactivity analysis. Hicks concludes that, because <u>Booker</u> is retroactively applicable to cases on collateral review, his § 2255 motion is timely under § 2255 ¶ 6(3).

As a preliminary matter, in <u>Booker</u>, the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee of a right to a jury trial. <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 749-51. Our review is limited to the issues specified in the COA. <u>Murray v. United States</u>, 145 F.3d 1249, 1250-51 (11th Cir. 1998). When reviewing a district court's denial of a § 2255 motion, we review questions of law <u>de novo</u> and findings of fact for clear error. <u>Varela v. United States</u>, 400 F.3d 864, 867 n.3 (11th Cir. 2005). We review <u>de novo</u> whether a

5

Booker claim is barred by the non-retroactivity doctrine of Teague.  Id.

After Hicks's motion for a COA had been granted, this Court held that the new rule in Blakely and Booker did not apply retroactively to cases on collateral review under Teague and concluded that "Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."  Id. at 867-68.  Thus, Hicks's § 2255 motion invoking Blakely was properly dismissed as time-barred because the new rule in Blakely and Booker is not retroactively applicable to cases on collateral review and, therefore, cannot trigger a later starting date for the statute of limitations under § 2255 ¶ 6(3).  See 28 U.S.C. § 2255 ¶ 6(3) (providing that the statute of limitations shall run from, inter alia, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").  We therefore affirm.

**AFFIRMED.**[1]

---

[1]  Hicks's motion for reconsideration of the April 6, 2005, order is denied.