[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15923
Non-Argument Calendar

_____

D. C. Docket No. 99-00003-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATRAVIS GALLASHAW,
a.k.a. Trav,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 31, 2005)

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Latravis Gallashaw appeals his sentences, amounting to seventy years of imprisonment in total, imposed after he was found guilty by the jury and sentenced on charges of: (1) conspiracy to distribute cocaine and marijuana, 21 U.S.C. § 846 (Count One); (2) possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) (Count Ten); and (3) possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (Counts Four and Eleven). Upon review of the record and the arguments of the parties, we **VACATE** Gallashaw's sentence and **REMAND** for resentencing.

## I. BACKGROUND

A federal superceding indictment alleged that Corey Smith, Antonio Allen, Eric Stokes, Antonio Godfrey, Kettrick Major, and Latravis Gallashaw had committed various narcotics-related offenses. After several plea agreements, Gallashaw was charged with: (1) conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count One); (2) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts Six, Nine, and Ten); and (3) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Four and Eleven). Count One did not allege a quantity of cocaine or marijuana, and Counts Four, Ten, and Eleven did not allege any specific quantity of controlled substance.

2

A jury convicted Gallashaw of Counts One, Four, Ten, and Eleven. The district court sentenced Gallashaw to life imprisonment as to Counts One and Eleven, forty years as to Count Four to run concurrently with Counts One and Eleven, five years as to Count Ten to run concurrently with all other counts. In addition, the district court imposed sixty months of supervised release as to Counts One and Eleven, four years of supervised release as to Count Four to run concurrently with Counts One and Eleven, and two years of supervised release as to Count Ten to run concurrently with all other counts. **[R2-632 at 3-4.]**

On appeal, we vacated and remanded Gallashaw's sentences for Counts One, Four, Ten, and Eleven. United States v. Allen, 302 F.3d 1260, 1280 (11th Cir. 2002). As for Gallashaw's sentence for Count One, we remanded the case with instructions that the government decide whether to (1) resentence Gallashaw based on a maximum sentence of five years, or (2) retry one or more of the defendants with a new trial on Count One. Id. As for Gallashaw's sentences for Counts Four, Ten, and Eleven, we held that they violated Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000), and we vacated those sentences and remanded them for resentencing. Id. at 1278-80. The government elected to have the district court resentence the defendants, including Gallashaw, on Count One. **[R30 at 3.]**

3

Prior to Gallashaw's resentencing, the Supreme Court decided Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and Gallashaw filed written objections to the PSI based on the case. Gallashaw argued that Blakely barred the district court from enhancing his sentence for firearm possession or managerial role and required that the district court determine his base offense level using only the quantity of drugs actually seized. **[R2-1182 at 7-8.]** Citing United States v. Reese, 382 F.3d 1308 (11th Cir. 2004), vacated by 125 S. Ct. 1089 (2005), the government responded that Blakely was not applicable to the federal sentencing guidelines in the Eleventh Circuit. **[R2-1183 ¶ 4, at 2.]**

At resentencing, Gallashaw argued that, under Blakely, any enhancement was deemed an element of the offense that had to be proved beyond a reasonable doubt. **[R30 at 9.]** Additionally, Gallashaw contended that the district court "should only attribute the amount of cocaine as cocaine powder whether it was cocaine base or cocaine powder," R30 at 10, and that the district court should apply a reasonable doubt standard to determine the amount of cocaine for which he was responsible **[id. at 26]**. Citing Reese, the district court concluded that Blakely did not apply to the sentencing guidelines, and it overruled Gallashaw's objections. Id. at 26. The court noted that "if the United States Supreme Court attributes Blakely to [the] Federal Sentencing Guidelines, we may be back here on a third round of

4

sentencing." Id.

At the continuation of the sentencing hearing, Gallashaw argued that, under Blakely, the government should not be able to enhance Gallashaw's sentence because he acted as a leader and organizer or because he possessed a firearm in relation to his drug offenses unless the government so alleged in the indictment and submitted those issues to the jury. **[R31 at 25-26.]** Again, citing Reese, the district court overruled Gallashaw's objections. **[Id. at 27.]** The district court further stated:

> And I will tell you right now my experience is that the Blakely opinion, if it's given retroactive application, is going to affect a large percentage of cases. You yourself in this case have argued that your interpretation of Blakely is that Mr. Gallashaw should start off at a level 12.
>    Now, I will tell you right now I don't agree with that interpretation, but if Blakely is given application to [the] Federal Sentencing Guidelines and if your interpretation is correct, then Mr. Gallashaw is done on this sentence. And I just wonder if Justice Stevens would be surprised that someone who got a life sentence for this particular crime would have served more time in jail by now than a Blakely driven guidelines would require.

Id. at 28. Additionally, the district court stated that "Gallashaw's hope in this case has got to be that the United States Supreme Court extends Blakely to his case and that he gets a windfall." Id. at 34.

The district court found that Gallashaw played a supervisory role in the organization and imposed a three-level enhancement. **[Id. at 36.]** Additionally, it

5

determined that Gallashaw was responsible for 150 kilograms of cocaine based on trial testimony that five to seven kilograms per week were distributed by the John Doe Organization from mid-1997 through January 1999, and on the fact that Gallashaw, as a second-in-command, was responsible for the amount of drugs that went through the organization as a whole. **[Id. at 37-38.]** Finally, the district court imposed a two-level enhancement for possession of a firearm. **[Id. at 38.]** Based on its findings, the district court imposed sentences of five years of imprisonment as to Count One, twenty years as to Count Four, five years as to Count Ten, and forty years as to Count Eleven, to run consecutively, for a total of seventy years of imprisonment. **[Id. at 39-40.]** The district court also imposed five years of supervised release on Count Eleven, and three years on other remaining counts, to run concurrently. **[Id. at 40.]**

## II.  DISCUSSION

On appeal, Gallashaw first argues that the district court violated his Sixth Amendment rights under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), when it resentenced him under a mandatory guidelines scheme.[1]

---

[1] In his reply brief, Gallashaw additionally argues that he should be resentenced before a different district judge because the district judge stated that he would receive a "windfall" if Blakely was found to be applicable to the sentencing guidelines. Because Gallashaw raised this argument for the first time in his reply brief, we decline to consider it here. See United States v. Fiallo-Jacome, 874 F.2d 1479, 1481 (11th Cir. 1989) ("An appellant in a criminal case may not raise an issue for the first time in a reply appellate brief.")

Because Gallashaw objected under <u>Blakely</u> to the enhancements to his sentence in district court, we review his sentence <u>de novo</u>. We will remand his case for resentencing unless no error occurred, or the error was harmless. <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam).

While Gallashaw's case was pending on appeal, the Supreme Court issued its decision in <u>Booker</u>. In <u>Booker</u>, the Supreme Court held "that the Sixth Amendment right to trial by jury is violated where <u>under a mandatory guidelines system</u> a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir.) (citing <u>Booker</u>, __ U.S. at __, 125 S. Ct. 738, 749-56), cert. denied 125 S. Ct. 2935 (2005). Based on the Supreme Court's holding, we have found that a district court could have committed two types of <u>Booker</u> errors. A district court committed the first type, constitutional <u>Booker</u> error, if it "use[d] . . . extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is in the mandatory nature of the guidelines once the guidelines range has been determined." <u>United States v. Mathenia</u>, 409 F.3d 1289, 1291 (11th Cir. 2005) (per curiam) (citations and internal quotations omitted). A district court committed the second type, statutory <u>Booker</u> error, if it sentenced a defendant "under a

7

mandatory guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Id. (citations and internal quotations omitted).

We apply different harmless error standards to Booker constitutional and statutory errors. A Booker constitutional error is deemed harmless if "the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." Id. at 1291. On the other hand, a Booker statutory error "is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." Id. at 1292 (citation and internal quotations omitted). The government carries the burden of showing that any Booker error was harmless. See Paz, 405 F.3d at 948.

As the government concedes, the district court committed Booker constitutional error in this case by resentencing Gallashaw on the basis of facts that he did not admit and that were not proved to a jury beyond a reasonable doubt. The district court found by a preponderance of the evidence: (1) the drug amounts involved in the offense; (2) that Gallashaw played a leadership role; and (3) that Gallashaw possessed a firearm in connection with drug offenses. The jury was not asked to make these findings, and Gallashaw did not admit to them. Thus, because

8

Gallashaw's sentence was enhanced, under a mandatory guidelines system, based facts found by a judge and not admitted by Gallashaw, Gallashaw's Sixth Amendment right to a trial by jury was violated. See Paz, 405 F.3d at 948.

The government has not met its burden of proving that the constitutional error was harmless beyond a reasonable doubt, i.e., that the error did not contribute to the defendant's ultimate sentence. See Mathenia, 409 F.3d at 1291. On the one hand, as the government points out, the district court (1) sentenced Gallashaw to the maximum permissible sentence on each count, even though Gallashaw apologized for his involvement in the crime and stated that he had cooperated with prosecutors **[R39 at 31, 39; Allen, 302 F.3d at 1279, 1280 (stating the maximum sentences allowed for Counts One, Four, Ten and Eleven)]**; (2) ruled against a downward departure **[R34 at 39]**; (3) characterized the possible benefit to Gallashaw if Blakely were applied to the federal sentencing guidelines as a "windfall," R31 at 34; (4) imposed a three-level enhancement for role, but noted that "probably a four-level enhancement was appropriate," id. at 36; (5) commented on the violence involved in the conspiracy, **[id. at 38]**; and (6) expressed no remorse at having imposed a life sentence at Gallashaw's original sentencing and, at resentencing, imposed sentences totaling seventy years of imprisonment **[id. at 39-40]**. However, the district court imposed no alternate

9

sentence in the event Blakely was applied to the federal sentencing guidelines, and to the contrary, stated that "if the United States Supreme Court attributes Blakely to [the] Federal Sentencing Guidelines, we may be back here on a third round of sentencing." R30 at 26. Accordingly, we conclude that the government has failed to demonstrate that district court's constitutional Booker error was harmless beyond a reasonable doubt. Thus, we vacate and remand Gallashaw's sentence for resentencing.[2]

## III. CONCLUSION

In this appeal, Gallashaw challenged his sentences for various drug related offenses. Because we conclude that the district court committed constitutional Booker error in sentencing Gallashaw, and that the error was not harmless, we **VACATE** Gallashaw's sentences and **REMAND** for resentencing consistent with this opinion.

---

[2] In his appellate brief, Gallashaw contends that, after the case is remanded for resentencing, the district court should determine the applicable guidelines range using only facts admitted by Gallashaw or proved beyond a reasonable doubt. As we recognized in Rodriguez, however, the use of extra-verdict enhancements "remains a constitutional part of the guidelines sentencing in the post-Booker era." 398 F.3d at 1301. Accordingly, a district court tasked with resentencing a defendant in light of Booker is "faced with . . . exactly the same factual issues that it has already resolved, and it [is] required to at least consider exactly the same guideline enhancement provisions it has already applied. No guidelines provisions have changed in any way. All that has changed is that the guidelines range is now advisory. . . ." Id. at 1300-01.

Additionally, because we remand Gallashaw's sentences due to the district court's constitutional Booker error, we need not address Gallashaw's argument regarding any statutory Booker error.