[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

----------------------------------------

**No. 04-15164**
**Non-Argument Calendar**

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 6, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00018-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MARTIN ZUNIGA-SALINAS,

Defendant-Appellant.

----------------------------------------------------------------

**Appeal from the United States District Court**
**for the Northern District of Georgia**

----------------------------------------------------------------

**(October 6, 2005)**

**Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.**

**PER CURIAM:**

Defendant-Appellant Jose Martin Zuniga-Salinas appeals his 77-month

sentence, imposed after he pled guilty to illegal reentry of a previously deported

alien, in violation of 8 U.S.C. § 1326(a), (b)(2). Defendant argues that, under Blakely v. Washington, 124 S.Ct. 2531 (2004), the district court violated his Fifth and Sixth Amendment rights when it enhanced his sentence based on the fact of his prior convictions for drug trafficking, which were not charged in the indictment, proved to a jury beyond a reasonable doubt, or admitted by him. Reversible error exists under United States v. Booker, 125 S.Ct. 738 (2005); we vacate Defendant's sentence and remand for resentencing consistent with Booker.

Defendant properly raised his Blakely/Booker claim in the district court. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005). We review this issue de novo; we will reverse unless the government shows that any error was harmless. See United States v. Robles, 408 F.3d 1324, 1327 (11th Cir. 2005).

Defendant's 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) was based solely on the fact that he had previous convictions. In Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), the Supreme Court stated that the government need not allege in the indictment and need not prove beyond a reasonable doubt that a defendant had a prior conviction for a district court to use that conviction to enhance a sentence. "This conclusion was left undisturbed by Apprendi, Blakely, and Booker." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). Thus, the district court did not violate Defendant's constitutional

2

rights by applying the § 2L1.2(b)(1)(A)(i) enhancement based on his prior convictions.  See United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005).

But the district court did commit a statutory error under Booker.  See United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005) (under Booker, two types of sentencing errors exist: "one is constitutional and the other is statutory").[1]  The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation."  Shelton, 400 F.3d at 1330-31.  Booker statutory errors are subject to a less demanding harmless error test that is applicable to non-constitutional errors.  See United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005).  That standard requires us to determine whether the error either did not affect the sentence or only had a slight effect.  Id.

Here, the government concedes that the district court's statutory error of applying the guidelines in a mandatory fashion was not harmless.  The district court overruled Defendant's Blakely objection because in Blakely, the Supreme Court stated that it was not addressing the federal sentencing guidelines, and

---

[1] In Shelton, where the defendant raised a Booker/Blakely constitutional claim in his initial brief, we also considered whether statutory error existed.  See Shelton, 400 F.3d at 1330.

3

because of controlling precedent from this Court.[2] The district court made no statement that it would have imposed an identical sentence if it had been proceeding under an advisory guidelines system. The court did mention that it saw no need to impose a sentence greater than 77 months -- at the bottom of the guideline range of 77 to 96 months' imprisonment -- based on its belief that this sentence "will accomplish all that is going to be accomplished in terms of the effects of incarceration and how that will affect [Defendant's] future conduct." This statement is some evidence that perhaps the district court would impose the same sentence after considering the factors in 18 U.S.C. § 3553(a). But the court made no other comment about the appropriateness of the sentence. We cannot say on this record that Defendant's sentence was not swayed substantially by the district court's application of the guidelines as mandatory, rather than advisory.

In sum, although the district court properly applied the 16-level enhancement under § 2L1.2(b)(1)(A)(i), Defendant must be resentenced under the advisory guidelines system in accordance with Booker.

**VACATED and REMANDED**.

---

[2]Shortly before Defendant was sentenced and before the Supreme Court decided Booker, we declined to apply the principles set out in Blakely to the federal sentencing guidelines. United States v. Reese, 382 F.3d 1308 (11th Cir. 2004), vacated, 125 S.Ct. 1089 (2005).