[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15251

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 9, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00022-CR-4-RH-WCS


UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

                    versus

CURTIS LEE MANGO,

                                          Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 9, 2005)



Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Curtis Lee Mango appeals his sentence imposed after he pled guilty to possession of controlled substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), (C), (D) (count one), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (count two), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (count three). Mango raises two arguments on appeal: (1) the district court erred in refusing to grant a downward departure under U.S.S.G. § 4A1.3(b); and (2) he is entitled to be resentenced in light of *United States v. Booker*, 125 S. Ct. 738 (2005). We lack jurisdiction to consider the district court's denial of Mango's motion for downward departure, but we vacate Mango's sentence and remand for resentencing under *Booker*.

## I. BACKGROUND

Mango was sentenced after the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), but before its decision in *Booker*. Mango's plea agreement contained the following language, which was intended to address the question *Blakely* raised concerning the constitutionality of the Sentencing Guidelines:

> To the extent that such a right is determined to exist, the defendant waives any right he may have to have any fact or issue related to sentencing be determined by a jury beyond a reasonable doubt. The

2

defendant consents and agrees that the Court will decide, by a preponderance of the evidence, all factual and legal issues that may impact upon a determination of the range of imprisonment under the United States Sentencing Guidelines. . . .

At the plea colloquy, Mango agreed in all material respects with the Government's statement of the facts, which included the drug quantity involved in his offense. At sentencing, Mango did not object to the drug quantity listed in the PSI or to the Guidelines calculations and admitted he had three prior felony drug convictions. Mango moved for a downward departure under U.S.S.G. § 4A1.3(b), arguing his criminal history category substantially over-represented the seriousness of his criminal history. The district court denied the motion.

Mango's base offense level for count one was 28, reflecting a total marijuana equivalent of 456.25 kilograms involved in his offense. The base offense level was enhanced to 37 under U.S.S.G. § 4B1.1(b) because Mango had at least two prior felony drug convictions. It was then reduced by 3 levels for acceptance of responsibility, resulting in a total offense level of 34. With a criminal history category of VI, as established by U.S.S.G. § 4B1.1(b), Mango's Guidelines sentence for count one ranged from 262 to 327 months' imprisonment. Count two carried a minimum 60 month consecutive sentence. Count three, which was grouped with count one pursuant to U.S.S.G. § 3D1.2(d), carried a statutory

maximum of 120 months' imprisonment. Mango was sentenced to 322 months' imprisonment, consisting of 262 months for count one, 60 months consecutive sentence for count two, and 120 months for count three to run concurrently.

## II. DISCUSSION

### A. *Downward Departure*

Mango argues the district court erred in denying his motion for downward departure under U.S.S.G. § 4A1.3(b). In *United States v. Winingear*, 422 F.3d 1241, 1245–46 (11th Cir. 2005), this Court reaffirmed our pre-*Booker* precedents establishing that, under 18 U.S.C. § 3742(a), we lack jurisdiction "to consider a defendant's appeal of a discretionary decision of the district court to not apply a downward departure, so long as the district court did not incorrectly believe that it lacked the authority to apply a departure." *Winingear*, 422 F.3d at 1245 (citing *United States v. Hadaway*, 998 F.2d 917, 919 (11th Cir. 1993) and *United States v. Gomez-Villa*, 59 F.3d 1199, 1202 (11th Cir. 1995)). The parties agree the district court recognized its authority to depart downward, and we may not review its decision.

### B. *Booker*

Under *Booker*, there are two kinds of sentencing errors: constitutional and statutory. A constitutional error is "the use of extra-verdict enhancements to reach

4

a guidelines result that is binding on the sentencing judge; the error is the mandatory nature of the guidelines once the guidelines range has been determined." *United States v. Shelton*, 400 F.3d 1325, 1331 (11th Cir. 2005) (quotation and citation omitted).  Statutory error occurs when a district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation."  *Id.* at 1330–31.

We assume plain-error review applies.  Under plain-error review, we may not vacate a sentence:

> unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied* 125 S. Ct. 2935 (2005) (quotations and citations omitted).

### 1. *Constitutional Error*

Mango's sentence was enhanced based on his past convictions and the drug quantity involved in his offense.  A district court does not violate the Sixth Amendment by relying on past convictions to enhance a defendant's sentence. *Shelton*, 400 F.3d at 1329.  Further, the Sixth Amendment is not violated where a defendant's sentence is enhanced by facts admitted by him.  *Id.* at 1330.  Mango

5

admitted the drug quantities involved in his offense when he agreed with the Government's statement of the facts and when he did not object to the PSI. Accordingly, even without the express waiver of his right to have any facts related to sentencing determined by a jury beyond a reasonable doubt, Mango's constitutional rights were not violated.

2. *Statutory Error*

The Government argues the waiver in Mango's plea agreement encompasses statutory error as well. We disagree. A plain reading of the plea agreement shows Mango waived his right to have the facts affecting his sentence found by a jury beyond a reasonable doubt. The plea agreement, however, does not show Mango waived his right not to be sentenced under a mandatory Guidelines scheme.[1] Thus, Mango did not waive statutory error.

Mango meets both the first and second prongs of plain-error review for statutory error because he was sentenced under a mandatory Guidelines system. *Id.* at 1330–31. Mango also satisfies his burden of showing the error affected his substantial rights. At sentencing, the court said:

---

[1] Mango's plea agreement also states: "The parties acknowledge that the Sentencing Guidelines apply. The District Court's discretion in sentencing is limited only by statutory provisions and the Sentencing Guidelines." This is not an adequate expression of Mango's intent to waive his right not to be sentenced under a mandatory Guidelines scheme.

> I do not make any determination of the sentence that I would impose in the event it were held that *Blakely* affects the sentencing guidelines. If the decision in *Booker* is affirmed, then the sentence I impose today should be reversed, and this case should come back.

The district court's comments establish "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Id.* at 1332 (quotations omitted). We conclude the fourth prong of plain-error review is also met and exercise our discretion to notice the error. *Id.* at 1333.

## III. CONCLUSION

We lack jurisdiction to review the district court's denial of Mango's motion for downward departure under U.S.S.G. § 4A1.3(b). However, the district court plainly erred in treating the Guidelines as mandatory. Thus, we vacate and remand for resentencing in light of *Booker*. We note the district court correctly calculated Mango's effective Guidelines range of 322 to 387 months' imprisonment. *See United States v. Crawford*, 407 F.3d 1174, 1178–79 (11th Cir. 2005) (stating after *Booker*, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines"). Thus, on remand, the district court is required to sentence Mango according to *Booker*, considering the

Guidelines advisory range of 322 to 387 months' imprisonment and "other

statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." *Booker*, 125

S. Ct. at 757.[2]

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

---

[2] We do not mean to suggest by our holding that the district court must impose any particular sentence on remand. Rather, we merely hold Mango met his burden of showing plain statutory error. We also do not attempt to decide now whether a particular sentence might be reasonable in this case.